

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,619-01

### EX PARTE LARRY CHARLES PERRY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 58250-A IN THE 30TH DISTRICT COURT
### FROM WICHITA COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest or detention using a vehicle and was sentenced to imprisonment. Applicant's direct appeal was dismissed for want of jurisdiction. *Perry v. State*, No. 02-18-00298-CR (Tex. App.—Fort Worth del. Aug. 16, 2018).

Applicant, through habeas counsel, contends that he was denied his right to a direct appeal through no fault of his own. The trial court recommends that Applicant be granted a late appeal, and the recommendation is supported by the habeas record. *See Ex parte Axel*, 757 S.W.2d 369 (Tex.

Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 58,250-A from the 30th District Court of Wichita County.

Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 22, 2019
Do not publish